IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY ONEAL BULLOCK,

     Petitioner,

     v.                                          Civil Action No. 3:26cv236

DIRECTOR OF D.O.C. CHADWICK DOTSON,

     Respondent.

**MEMORANDUM OPINION**

Timothy Oneal Bullock, a Virginia inmate currently housed in Nevada, brings this "Fair Sentence Act- §§ 848(e)(1)(A), a violation under § 841(B)(1)(A)(iii), § 848(A)." (ECF No. 1.) Although he is vague in identifying the conviction and sentence he attacks, it is obvious from his many previous filings in this Court that he is once again attacking his state conviction and sentence from 2015 in the Circuit Court for the City of Richmond ("Circuit Court"). In his motion, Mr. Bullock argues that he should not have been convicted of first-degree murder of Darius Artis, which was one of his charges of conviction in the Circuit Court. (ECF No. 1, at 1–2.) The Court has previously denied Mr. Bullock's § 2254 petition attacking these convictions. *Bullock v. Clarke*, No. 3:19CV945, 2021 WL 786012, at *1–7 (E.D. Va. Feb. 3, 2021), *R & R adopted*, 2021 WL 785088 (E.D. Va. Mar. 1, 2021). Therefore, for the reasons set forth below, the action will be DISMISSED for lack of jurisdiction.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Mr. Bullock cannot avoid that result by simply omitting reference to 28 U.S.C. § 2254 in his submission. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasizing that inmates may not circumvent the limitations on successive petitions simply by inventive labeling); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (*citing Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

Mr. Bullock's current motion arguing that he should not have been charged with first-degree murder because there were purported problems with the evidence falls squarely within the ambit of 28 U.S.C. 2254(a). *See Smith v. Virginia*, Nos. 3:12CV148 (REP), 3:15CV182, 2015 WL 1401677, at *1 (E.D. Va. Mar. 25, 2015) (explaining that a motion is "a successive 'habeas corpus application' if it 'seeks vindication' of a 'claim' for relief from the criminal judgment, regardless of the title on the motion" (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005))). The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the present § 2254 Petition. Therefore, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

2

that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Because Mr. Bullock fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 3/31/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

3